IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NATIONAL ALLIANCE OF POSTAL AND FEDERAL EMPLOYEES, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 04-1668C (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

ANSWER AND COUNTERCLAIM

For its answer to the complaint, the United States admits, denies and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 constitute plaintiff National Alliance of Postal and Federal Employees' ("NAPFE") characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1, except states that the Civil Service Commission was the contracting entity for the Government until January 1, 1979. Admits the allegations contained in the third sentence of paragraph 1 to the extent that the term "claim period" means the time period covered in the contracting officer's final decision; otherwise denies. Denies the allegations contained in the fourth sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits that the contracting officer issued a final decision dated November 13, 2003 which is the best evidence of its contents; otherwise denies.

3. Denies.

4. The allegations contained in paragraph 4 are conclusions of law and a characterization of this action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in the first and second sentences of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 5. Denies the allegations contained in the fourth sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fifth sentence of paragraph 5 for the time period covered by the contracting officer's final decision to the extent they are supported by the contract. Admits that from 1965 until the end of 2003 when its contract with the Office of Personnel Management ("OPM") terminated, the contract required NAPFE to provide health care benefits to covered individuals; otherwise, denies the allegations contained in the sixth sentence of paragraph 5. Admits that NAPFE entered into an annually renewed contract with OPM to provide health care benefits to eligible individuals pursuant to the Federal Employees Health Benefits Program ("FEHBP"); otherwise, denies the allegations contained in the seventh sentence of paragraph 5.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied except to the extent they are supported by the referenced contract, which is the best evidence of its contents.

7. The allegations contained in paragraph 7 are a characterization of this action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 are a characterization of this action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent they are supported by the referenced Federal Employees Health Benefits Act, as amended, ("FEHB Act"), 5 U.S.C. § 8901 et seq., which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent they are supported by the referenced FEHB Act, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent they are supported by the referenced FEHB Act and regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent they are supported by the referenced FEHB Act and regulations, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent they are supported by the referenced FEHB Act, applicable Federal regulations, the contract, and OPM directives

and instructions, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 13.

14. Admits that for a health plan to be made available to eligible individuals, the carrier must enter into a contract with OPM; otherwise denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14. Admits that OPM, as the agent for defendant, contracts with carriers so that health benefits are available to Federal employees, annuitants and their dependents; otherwise, denies the allegations contained in the third sentence of paragraph 14. The allegations contained in the fourth sentence of paragraph 14 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied except to the extent they are supported by the referenced FEHB Act and the contract, which are the best evidence of their contents.

15. The allegations contained in the first sentence of paragraph 15 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied except to the extent they are supported by the referenced FEHB Act, which is the best evidence of its contents. Denies the allegations contained in the second sentence of paragraph 15. Admits that enrollees in employee organization plans are required to become a member of the employee organization as a condition of joining the plan to the extent this allegation is supported by the contract, the FEHB Act, and applicable regulations, which are the best evidence of their contents; denies the remaining allegations contained in the third sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegations contained in paragraph 16 to the extent they are supported by the referenced FEHB Act, regulations, and the contract, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 16.

17. The allegations contained in the paragraph 17 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied except to the extent they are supported by the referenced regulations, the FEHB Act, and the contract, which are the best evidence of their contents.

18. Admits that Defendant and NAPFE entered into FEHBP contract No. CS 1164, which required NAPFE to provide and make available health care coverage to covered individuals, and that NAPFE subcontracted with various underwriters and vendors during the period covered by this complaint regarding specific duties pursuant to the contract; and that defendant and NAPFE annually renewed the contract through 2003. Denies the remaining allegations in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent they are supported by the FEHB Act, applicable Federal regulations, the contract, and OPM directives and instructions, which are the best evidence of their contents; otherwise, they are denied.

20. The allegations contained in the paragraph 20 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent they are supported by the FEHB Act, applicable Federal regulations, the contract,

and OPM directives and instructions, which are the best evidence of their contents; otherwise, they are denied.

21. The allegations contained in the paragraph 21 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent they are supported by the FEHB Act, applicable Federal regulations, the contract, and OPM directives and instructions, which are the best evidence of their contents; otherwise denies.

22. Admits that the parties renewed the contract, subject to amendments agreed to by the parties, each year covered by the contracting officer's final decision, and that NAPFE was required to provide health care benefits pursuant to the contract; otherwise denies.

20. (sic) Denies.

21. (sic) The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent they are supported by the referenced contract, the FEHB Act, applicable regulations, and OPM directives and instructions, which are the best evidence of their contents; otherwise, they are denied.

22. (sic) Admits the allegations contained in paragraph 22 to the extent they are supported by the referenced contract, the FEHB Act, applicable Federal regulations, and OPM directives and instructions, which are the best evidence of their contents; otherwise denies.

23. Denies.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied

except to the extent they are supported by the referenced contract, which is the best evidence of its contents.

25. The allegations contained in the first sentence of paragraph 25 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied except to the extent they are supported by the referenced contract, which is the best evidence of its contents. Denies the allegations contained in the second and third sentences of paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent they are supported by the referenced contract and regulations, which are the best evidence of their contents. Otherwise, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent they are supported by the referenced contract, which is the best evidence of its contents. Otherwise, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent they are supported by the referenced contract, the FEHB Act, applicable regulations, and OPM directives and instructions, which are the best evidence of their contents; otherwise, they are denied.

29. Denies paragraph 29 to the extent that it alleges that defendant did not perform pursuant to the contract or the FEHB Act; otherwise denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies.

31. Admits that OPM produces a quarterly payment report recapping the payments paid in the prior quarter, and provides a copy of this report to the employing agencies upon request. Denies the remaining allegations contained in paragraph 31 except to the extent they are supported by the referenced report, which is the best evidence of its contents.

32. Admits the allegations contained in paragraph 32 to the extent they are supported by the referenced report as well as the FEHB Act, the contract, applicable regulations, and OPM directives and instructions; otherwise denies.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. The allegations contained in paragraph 34 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies.

37. The allegations contained in the first sentence of paragraph 37 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact,

they are denied except to the extent they are supported by the referenced contract, the FEHB Act, applicable Federal regulations, and OPM directives and instructions, which are the best evidence of their contents. Denies the allegations contained in the second sentence of paragraph 37.

38. Denies.

39. Denies the allegations contained in the first sentence of paragraph 39. Further avers that OPM recommended to NAPFE, both orally and in writing, that it reduce its operating expenses because it had exceeded the administrative expense ceiling set forth in the contract in past years and its budget for the current year again appeared to be exceeding the administrative expense ceiling. Admits that NAPFE and OPM officials met at the request of NAPFE, at which time NAPFE proposed the idea of NAPFE becoming self-insured and processing its own claims in partnership with Howard University; otherwise, denies the allegations contained in the second sentence of paragraph 39. Further avers that despite its stated intent to provide OPM with additional information relative to this proposal, NAPFE failed to do so. Denies the allegations contained in the third sentence of paragraph 39.

## COUNT I

40. Defendant restates each of its responses contained in paragraphs 1 to 39 as though fully set forth herein.

41. Admits the allegations contained in the first sentence of paragraph 41, except states that the Civil Service Commission was the contracting entity for the Government until January 1, 1979. The allegations contained in the second sentence of paragraph 41 are conclusions of law to which no answer is required; to the extent that they may be deemed

allegations of fact they are denied. Denies the allegations contained in the third sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42. The allegations contained paragraph 42 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

43. The allegations contained in paragraph 43 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced FEHB Act, contract, and regulations, which are the best evidence of their contents; otherwise, they are denied.

44. The allegations contained in paragraph 44 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

COUNT II

45. Defendant restates each of its responses contained in paragraphs 1 through 44 as though fully set forth herein.

46. The allegations contained in paragraph 46 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

48. Denies.

49. Denies.

COUNT III

50. Defendant restates each of its responses contained in paragraphs 1 through 49 as though fully set forth herein.

51. Denies the allegations contained in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Denies.

53. Denies.

54. Denies.

55. Denies that plaintiff is entitled to the relief requested in the prayer for relief following paragraph 54, or to any relief whatsoever.

56. Denies every allegation not previously admitted or otherwise qualified.

COUNTERCLAIM

1. From 1998 to 2002, OPM and NAPFE were parties to group contract no. CS 1164 (the "contract"). Pursuant to the contract, NAPFE agreed to provide certain health benefits to members of the Federal Employees Health Benefits Program ("FEHBP") in consideration of payment to NAPFE of certain subscription charges. NAPFE and OPM annually renewed the contract through 2003.

2. On or about February 11, 2003, OPM's Office of Inspector General issued final audit report no. 1B-YQ-00-02-028. The audit pertained to administrative expenses pursuant to the contract for contract years 1998 through 2000 and cash management for contract years 1998 through 2001 as reported in NAPFE's annual accounting statements. The primary objectives of the audit were to determine whether NAPFE's administrative expenses charged to the contract

were actual, reasonable, and necessary expenses incurred in accordance with the contract and applicable regulations, to determine if lobbying activities were charged to the contract, and to determine whether NAPFE handled FEHBP funds in accordance with applicable laws and regulations concerning cash management in the FEHBP.

3. The audit disclosed that NAPFE overcharged or incorrectly charged the FEHBP administrative expenses, withdrew funds from the letter of credit account that exceeded the amount needed to cover claim payments, administrative expense charges, service charges and reinsurance charges, and had inadequate cost accounting practices in place.

4. The audit disclosed that for contract years 1998 through 2000, NAPFE overcharged the FEHBP for overhead expenses in the amount of $1,192,150.

5. The audit disclosed that NAPFE charged the FEHBP $53,326 in 2001 for a subcontract with OAO Healthcare Solutions, Inc. ("OAO") for which NAPFE did not obtain prior approval from the contracting officer as required by the contract. In addition, NAPFE charged the FEHBP $319,207 for professional and consulting expenses associated with the OAO subcontract for 2000 and 2001. NAPFE subsequently requested approval from OPM for the subcontract with OAO, which OPM did not grant. OPM thereafter disapproved the OAO costs.

6. The audit disclosed that, for contract years 1999 and 2000, NAPFE charged excessive benefit brochure costs to the FEHBP in the amount of $48,898.

7. The audit disclosed that NAPFE made withdrawals of $2,197,012 in funds from the letter of credit account that exceeded the amount NAPFE needed to cover claim payments, administrative expense charges, service charges, and reinsurance charges.

8. The audit disclosed that NAPFE's cost accounting practices were inadequate, in that it did not have written cost accounting policies and procedures, did not maintain documentation to support the natural account and general ledger account functions and the basis for allocating salaries and overhead, and did not have written procedures for identifying and removing unallowable and/or unallocable expenses from the charges to the FEHBP.

9. By final decision dated November 13, 2003, the contracting officer determined that NAPFE must reimburse the FEHBP for amounts due pursuant to the final audit of $3,166,386, plus lost investment income. The final decision further stated that the amount of lost investment income, calculated through September 30, 2003, had increased to $645,037, and would continue to accrue until NAPFE returns all funds to the FEHBP.

10. NAPFE is liable to the United States for no less than $ 3,166,386, plus interest and lost investment income that will continue to accrue until the funds are returned to OPM.

WHEREFORE, defendant respectfully requests the court to dismiss the complaint, to enter judgment in favor of defendant upon defendant's counterclaim in the amount of $3,166,386, plus interest and lost investment income as permitted by law, and to grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 616-0462
Fax: (202) 514-8624

April 14, 2005 Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 14th day of April, 2005, a copy of the foregoing answer and counterclaim was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell