IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NATIONAL ALLIANCE OF POSTAL AND FEDERAL EMPLOYEES, | ) | |
| Plaintiff, | ) | No. 04-1668C |
| vs. | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims, plaintiff, National Alliance of Postal and Federal Employees ("NAPFE") and defendant, the United States, submit this joint preliminary status report ("JPSR").

a. Does the Court have jurisdiction over the action?

Plaintiff believes that the Court possesses jurisdiction to consider this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613, and the Tucker Act, 28 U.S.C. §1491, et seq. At the present time, defendant questions the Court's jurisdiction to consider this action only with respect to count III of the amended complaint, entitled "Quantum Meruit." This Court's jurisdiction to consider claims founded upon an express or implied contract with the United States "extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." Perri v. United States, 340 F.3d 1337, 1343 (Fed. Cir. 2003). Quantum meruit is the measure of recovery for a contract implied-in-law. Id., at 1343.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated?

The parties agree that bifurcation of the proceedings is not warranted.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal. At issue in this litigation in part, are payments made by NAPFE to OAO Healthcare Solutions, Inc., a health plan vendor of the Alliance Health Benefit Plan, which payments are also the subject of pending litigation between NAPFE and OAO Healthcare in the United States District Court for the District of Columbia in civil action No. 1:03CV01773. A settlement in that matter has been proposed which is contingent upon the outcome and/or settlement in these proceedings.

e. In cases other than tax refund actions, will a remand or suspension be sought?

______The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

______The parties agree that no additional parties will be joined.

g. Does either party intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56?

In the event the parties are unable to amicably resolve the matter, the parties, after the conduct of appropriate discovery, may submit dispositive motions pursuant to RCFC 56.

h. What are the relevant factual and legal issues?

Plaintiff states:

From 1965 through 2003, Plaintiff through the Alliance Health Benefit Plan provided health care benefits under the FEHB Program to federal employees, postal employees, annuitants,

their spouses and families, under annual contracts executed with the Office of Personnel Management ("OPM") on behalf of the Government. Plaintiff provided the health care benefits required under the contracts through various subcontractors including but not limited to Mutual of Omaha, Blue Cross Blue Shield, Aetna, First Health and OAO Healthcare Solutions, Inc. (OAO). The administrative expenses and payments to these vendors regarding the operation of the plan are subject to audit and approval by the Defendant. The Defendant following two audits for years 1998-2002 have denied various expenses related to the operation of the plan including payments made to some of the vendors.

Plaintiff believes that the relevant issues in this matter are the denial of reasonable, necessary and legitimate expenses related to the operation and maintenance of the Alliance Health Benefit Plan.

Defendant states:

Pursuant to a contract with the Office of Personnel Management ("OPM"), NAPFE agreed to provide certain health benefits to members of the Federal Employees Health Benefits Program ("FEHBP") in consideration of payment to NAPFE of certain subscription charges. OPM performed two audits of the contract which are relevant to this law suit. The primary objectives of the audits were to determine whether NAPFE's administrative expenses charged to the contract were actual, reasonable, and necessary expenses incurred in accordance with the contract and applicable regulations, to determine if lobbying activities were charged to the contract, and to determine whether NAPFE handled FEHBP funds in accordance with applicable laws and regulations concerning cash management in the FEHBP.

The audits disclosed that NAPFE overcharged or incorrectly charged the FEHBP

administrative expenses, withdrew funds from the letter of credit account that exceeded the amount needed to cover claim payments, administrative expense charges, service charges and reinsurance charges, and had inadequate cost accounting practices in place. Based upon the audits, OPM issued two contracting officer's final decisions. The two contracting officer's final decisions ruled that NAPFE is liable to the United States for a total of no less than $3,972,046, plus interest and lost investment income that will continue to accrue until the funds are returned to OPM.

Defendant believes the following issue is relevant to this proceeding:

(1) Whether NAPFE's administrative expenses charged to the contract were actual, reasonable, and necessary expenses incurred in accordance with the contract and applicable regulations.

I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Plaintiff believes that a negotiated settlement is achievable. Defendant believes that it is too early to determine whether settlement is likely.

The parties continue to discuss settlement. NAPFE has provided defendant with documents which may be relevant to this matter. In addition, the parties met on July 27, 2005 to discuss the further exchange of information and the pending issues in this case. By attempting to narrow the issues, the parties hope to increase the likelihood of settlement.

J. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?

At this time, the parties do not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

______No.

l. Is there other information of which the Court should be aware at this time?

No.

m. Proposed Discovery Deadlines

| Date | Event |
| --- | --- |
| 2/3/06 | Conclusion of all non-expert discovery |
| 3/10/06 | Disclosure of expert reports |
| 4/28/06 | Conclusion of expert depositions |

Respectfully submitted

s/George C. Lacy
GEORGE C. LACY
1628 11th Street NW
Washington, D.C. 20001
(301) 455 6873
Counsel for Plaintiff
National Alliance of Postal
And Federal Employees

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
Attn: Classification Unit
Washington, D.C. 20530
Tel: (202) 307-0282
Fax: (202) 514-8624
Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 28th day of July, 2005, a copy of the Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell
MICHAEL N. O'CONNELL